Terisa Arlene FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–01006–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 19, 2007.

Discretionary Review Refused Nov. 7, 2007.

Mary Ann Rodriguez, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., Dist. Atty.– Harris County, William J. Delmore III, Assistant Dist. Atty., Houston, TX, for the State of Texas.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION ON REHEARING

EVELYN V. KEYES, Justice.

Appellant, Terisa Arlene Ford, pleaded guilty to robbery without an agreed recommendation on punishment. *See* TEX. PEN.CODE ANN. § 29.02 (Vernon 2003). The trial court deferred adjudication of appellant's guilt, withheld a finding on the two enhancement paragraphs, and placed appellant on community supervision for 10 years. The trial court also fined appellant $500. Later, finding that she had violated the terms of her community supervision, the trial court adjudicated appellant guilty, made a finding of true on the two enhancement paragraphs, and sentenced her to 25 years' imprisonment. In her sole point of error, appellant argues that the trial court abused its discretion when it found both enhancement paragraphs true and sentenced her to 25 years' imprisonment. We issued our opinion and judgment in this case on February 1, 2007. The State filed a motion for rehearing on February 12, 2007. We grant the State's motion for rehearing. Our prior opinion and judgment of February 1, 2007 are vacated, set

aside, and annulled, and this opinion and judgment are issued in their stead.

We affirm.

### Facts and Procedural History

On February 22, 2002, appellant was indicted for robbery, a second degree felony. The indictment also included enhancement paragraphs for two previous felony convictions, the second of which occurred after the first had become final. On April 6, 2001, appellant pleaded guilty to robbery.[1] The court admonished appellant in writing that, because of her status as an habitual offender, the range of punishment in her case was imprisonment for 25 to 99 years, or life. Appellant did not initial this admonition.

In the document entitled "Statements and Waivers of Defendant," appellant initialed, among others, the paragraphs reading:

(2) I understand the admonitions of the trial court set out herein;

. . . .

(4) I WAIVE the right to have a court reporter record my plea;

. . . .

(7) I understand that if the Court grants me Deferred Adjudication . . . [and] determines that I violated a condition of probation, . . . the Court may assess my punishment within the full range of punishment for this offense . . . ;

(8) I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the court accept said plea; [and]

. . . .

(11) Joined by my counsel, I state that I understand the foregoing admonitions

and I am aware of the consequences of my plea. . . . I have read the indictment and I stipulate that if the State's witnesses were sworn in and testified, they would testify that I committed each and every element alleged. . . .

Appellant, along with her attorney, also signed her full name at the end of this document.

Appellant and her attorney also signed a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The first page of this document recited the charged offense and both enhancement paragraphs:

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **TERISA AR-LENE FORD,** hereafter styled the Defendant, on or about **DECEMBER 31, 2000,** did then and there unlawfully, while in the course of committing theft of property owned by and with intent to obtain and maintain control of the property, intentionally, knowingly and recklessly caused bodily injury to Crystal Wiggins by biting Crystal Wiggins.

Before the commission of the offense alleged above, (hereafter styled the primary offense), on November 13, 1990, in Cause No. 579278, . . . the Defendant was convicted of the felony of delivery of a controlled substance.

Before the commission of the primary offense, and after the conviction in Cause No. 579278 was final, the Defendant committed the felony of possession of a controlled substance and was finally

---

1. Appellant waived the presence of a court reporter.

convicted of that offense on March 25, 1992, in Cause No. 620401. . . .

The second page read, in part,

I understand the above allegations and I confess that they are true and that the acts alleged above were committed on December 31, 2000.

. . . .

I intend to enter a plea of guilty. . . .

On July 19, 2001, the trial court entered an order deferring adjudication of appellant's guilt, withheld a finding on the two enhancement paragraphs, and placed appellant on community supervision for 10 years. The trial court also assessed a $500 fine. Next to "Plea to Enhancement Paragraph(s)" on the order deferring adjudication, "N/A" is circled, rather than "True" or "Not True." Next to "Plea" regarding the indictment, "Guilty" is circled.

On May 17, 2005, the State filed a motion to adjudicate appellant's guilt, alleging that appellant had violated several conditions of her community supervision. On September 8, 2005, the trial court held a hearing on the State's motion to adjudicate guilt, and appellant pleaded "not true" to the State's allegations in the motion. After taking testimony from several witnesses, including appellant, the trial court found that appellant had violated several conditions of her community supervision and found her guilty of robbery. The court then asked if either defense counsel or the State had anything else to offer before proceeding with sentencing; neither had anything else to offer. The trial court then addressed appellant,

[T]he Court having found you guilty of the offense of robbery, the Court at this time finds true the enhancement paragraph[s] in the underlying indictment. The Court, specifically notes for the record that at the time Ms. Ford was placed on deferred adjudication, on July 19th, 2001, the Court withheld a finding of true on the enhancement paragraphs.

The Court hereby at this time now finds each enhancement paragraph to be true, and the Court hereby assesses your punishment at 25 years confinement in the Texas Department of Criminal Justice.

Upon announcement of her sentence, the trial court asked appellant, "Do you have anything to say why the sentence . . . should not be pronounced against you?" Appellant began to say something, but defense counsel interrupted and said, "Her question is, Your Honor, is [sic] enhancements were at that time how come enhanced now?" The trial court did not answer the question.

## Discussion

■ In her sole point of error, appellant argues that the trial court abused its discretion when it found both enhancement paragraphs in the indictment true and sentenced her to 25 years' confinement.

Appellant was indicted for robbery, a second-degree felony. *See* TEX. PEN.CODE ANN. § 29.02. Under the Texas Penal Code, a second-degree felony is punishable by imprisonment for two to 20 years. *Id.* § 12.33(a) (Vernon 2003). However, upon a showing that the defendant has two previous final felony convictions and that the second previous felony conviction is for an offense that occurred after the first previous conviction had become final, a second-degree felony is punishable by imprisonment for 25 to 99 years, or life. *Id.* § 12.42(d) (Vernon Supp.2006). Here, the indictment included enhancement paragraphs for two previous felony convictions, the second of which occurred after the first became final. Upon a finding of "true" for both of these, the trial court sentenced appellant to 25 years' imprisonment, a sen-

tence well within the statutorily prescribed range. *See id.*

Appellant asserts, however, that "at no time was she ever told that the range of punishment was anything other than two to 20 years in prison." Therefore, according to appellant, the trial court abused its discretion when it assessed her punishment at 25 years' confinement, a sentence greater than the statutorily prescribed maximum of 20 years' imprisonment for a second degree felony. *See id.* §§ 12.33, 29.02.

Article 26.13 of the Texas Code of Criminal Procedure requires that, before accepting a guilty plea, the trial court must admonish a defendant of (1) the range of punishment; (2) the fact that the State's punishment recommendation is not binding on the trial court; (3) the limited right to appeal; (4) the possibility of deportation if the defendant is not a United States citizen; and (5) any applicable registration requirements. TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon Supp.2006). The admonitions may be made either orally or in writing. *Id.* art. 26.13(d) (Vernon Supp. 2006). If the admonitions are made in writing, the defendant and his attorney must file a signed statement that the defendant understands the admonitions and is aware of the consequences of his plea. *Id.* Here, appellant was admonished in writing that, as an habitual offender, the range of punishment in her case was imprisonment for 25 to 99 years, or life.

■ As appellant points out, she did not initial this admonition. Article 26.13, however, contains no requirement that the defendant initial each admonition. *Lopez v. State,* 25 S.W.3d 926, 929 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 26.13). Furthermore, appellant did, in the document entitled "Statements and Waivers of Defendant," initial the paragraphs stating (a)

that she understood the admonitions of the trial court; (b) that she understood that, if she were granted deferred adjudication, upon violation of a condition of probation, the trial court could assess her punishment within the full range of punishment; (c) that she, joined by her attorney, understood the admonitions of the trial court and was aware of the consequences of her plea; and (d) that she had read the indictment and stipulated that, if the State's witnesses were sworn in and testified, they would testify that she had committed each and every element alleged. Appellant, along with her attorney, also signed her full name at the end of this document. *See id.* (finding that, even though appellant did not initial deportation admonition, appellant signed document stating that judge admonished appellant of consequences of plea). We conclude, therefore, that the trial court admonished appellant of the correct range of punishment—25 to 99 years or life in prison—and did not abuse its discretion when it sentenced her to 25 years' confinement. *See* TEX. PEN.CODE ANN. §§ 12.42(d), 29.02.

■ Appellant also points to the fact that next to "Plea to Enhancement Paragraph(s)" on the trial court's order deferring adjudication, "N/A"—which is commonly understood to mean "not applicable"—is circled, rather than "True" or "Not True." According to appellant, this means that she never entered a plea to the enhancement paragraphs. We disagree. The trial court circled "N/A" not because appellant had not pleaded to the enhancement paragraphs—she had— but because the enhancement paragraphs were not applicable at the time the court deferred adjudication of appellant's guilt. They only became applicable once the court determined that appellant had violated her community supervision, adjudi-

cated her guilty, and was required to sentence her.

■ On April 6, 2001, appellant signed a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." The first page of this document recited the charged offense and both enhancement paragraphs. The second page read, in part, "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on December 31, 2000." Because the "above allegations" included the two enhancement paragraphs, appellant's judicial confession included a confession that the enhancement paragraphs were true. If a defendant pleads "true" or "guilty" to an enhancement paragraph, the State is relieved of its burden to prove what is alleged in that paragraph [2] because a plea of "true" constitutes "evidence and sufficient proof to support the enhancement allegation." *Wilson v. State,* 671 S.W.2d 524, 526 (Tex.Crim.App.1984). Therefore, appellant's judicial confession was a sufficient basis for the trial court to find the enhancement paragraphs true.

We overrule appellant's sole point of error.

### Conclusion

We affirm the judgment of the trial court.

---

2. *Ex parte Sewell,* 742 S.W.2d 393, 396 (Tex. Crim.App.1987).