COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

GERARDO LEOS,                                            No. 08-07-00341-CR

§

           Appellant,                                  Appeal from the

§

V.                                                              346th District Court

§

THE STATE OF TEXAS,                              of El Paso County, Texas

§

           Appellee.                                    (TC# 2007ODO0118)

§

§

**O P I N I O N**

Gerardo Leos plead guilty to the offense of driving while intoxicated. The offense was enhanced by his prior DWI offenses to a third-degree felony, and he was sentenced to 18 years imprisonment. Appellant raises four issues for this Court's review. In Issue One, Appellant contends the trial court erroneously denied his motion to quash the indictment because at least one of his prior DWI convictions was to remote to be used for enhancement. In Issues Two and Four, Appellant challenges the legal and factual sufficiency of the evidence supporting the enhancement of his conviction to a third-degree felony. In Issue Three, Appellant asserts that the trial court imposed an unauthorized sentence. We affirm the judgment as modified.

On June 4, 2006, Appellant was pulled over by an officer with the Anthony, Texas Police Department. The officer initiated the traffic stop because he noticed Appellant was not wearing his seat belt. When the officer made contact with Appellant, he noticed Appellant had bloodshot eyes and was slurring his speech. The officers performed a series of field sobriety tests, during

which they noticed Appellant's balance was unsteady. Appellant admitted that he had been drinking. Appellant refused to give a breath sample, but based on his performance on the other tests, the officers determined he was intoxicated and arrested him for DWI.

Appellant agreed to plead guilty to the charge of felony driving while intoxicated, third or more.[1] On the day of trial, Appellant filed a motion to quash the indictment arguing the use of Appellant's prior DWI convictions was: (1) an improper attempt to habitualize the offense and increase the punishment; (2) against public policy; (3) improper on the ground that one of Appellant's prior convictions is "void as the judgment itself reflects that [Appellant] was unrepresented by counsel at the time he waived his right to a jury trial and pled guilty and at the time the Court entered its judgment;" (4) an improper "double" enhancement not authorized by the legislature and in violation of due process; and (5) violated due process because one of the prior felony judgments used for enhancement was a conviction for burglary of a vehicle. The trial judge denied Appellant's motion in open court, prior to Appellant's plea.

During the plea hearing, the State introduced evidence of Appellant's prior convictions, including two convictions for DWI, and convictions for burglary of a habitation and burglary of a vehicle. The trial court admitted the evidence of Appellant's prior convictions without objection from Appellant and accepted the plea and the prosecution's recommendation that Appellant serve eighteen years in prison. The trial court certified Appellant's right to appeal any matters raised by written motion prior to trial.

---

[1] Appellant simultaneously plead guilty to another DWI charge and was sentenced concurrently for the two offenses. Appellant has appealed both convictions, and this Court has addressed them as companion cases. *See Leos v. State*, 08-07-00340-CR (Tex.App.--El Paso April 16, 2009, no pet. h.).

In Issues Two and Four, Appellant challenges the legal and factual sufficiency of the evidence to support the conviction for felony DWI. Specifically, Appellant challenges the sufficiency of the evidence supporting the enhancement of his conviction to a third-degree felony. He argues that the evidence failed to establish the prior convictions were final according to the law in effect when they were entered, and is therefore, insufficient to support his conviction for felony DWI. These arguments have not been preserved for our review.

A defendant has the right to appeal pursuant to Article 44.02:

> [P]rovided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendre before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 2006).

Rule 25.2(a)(2) of the Texas Rules of Appellate procedure incorporates Article 44.02 by reference and provides that the trial court "shall" enter a certification of the defendant's right to appeal each time it enters a judgment or other appealable order. *See* TEX.R.APP.P. 25.2(a)(2). Similarly, Rule 25.2 limits the defendant's right to appeal only those matters that were raised by written motion, filed and ruled on before trial, or after getting the trial court's permission to appeal. *See* TEX.R.APP.P. 25.2(a)(2).

We have reviewed the motions filed by Appellant's attorney prior to trial and have found no written motion which raised the issue of the finality of Appellant's prior DWI offenses to the trial court. The record contains nothing to show that the trial court has given permission for Appellant to appeal any issues beyond that which is stated in the certification. Accordingly,

Appellant's arguments in Issues Two and Four are not properly before this Court and are overruled. *See* TEX.R.APP.P. 25.2(a)(2); TEX.CODE CRIM.PROC.ANN. art. 44.02.

In Issue One, Appellant challenges the trial court's ruling on his motion to quash the indictment. Appellant argues that the motion should have been granted on the ground that his prior DWI convictions were to remote or stale to be used for enhancement. However, Appellant did not include this argument in his written motion to quash in the trial court. As the State points out, Article 27.10 of the Texas Code of Criminal Procedure requires that "[a]ll motions to set aside an indictment or information, and all special pleas and exceptions shall be in writing." TEX.CODE CRIM.PROC.ANN. art 27.10 (Vernon 2006). Because this ground was not included in his motion, Appellant's argument was not properly presented to the trial court and was not preserved for appellate review. *See Prudhome v. State*, 989 S.W.2d 852, 855 (Tex.App.--Houston [14th Dist.] 1999, no pet.), *citing McDonald v. State*, 692 S.W.2d 169, 174-75 (Tex.App.--Houston [1st Dist.] 1985, pet. ref'd). Accordingly, Issue One is overruled.

In Issue Three, Appellant contends that because the trial court failed to find the enhancement paragraphs true, it illegally sentenced him to a punishment outside the range proscribed for a third-degree felony. The offense of driving while intoxicated is a third-degree felony, if it is shown that the defendant has previously been convicted of two offenses relating to the operation of a motor vehicle while intoxicated. TEX.PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2008). Generally, the range of punishment for a third-degree felony is not more than ten or less than two years. TEX.PENAL CODE ANN. § 12.34(a)(Vernon 2003). However, the range of punishment increases to between two and twenty years when enhanced by a prior felony conviction. TEX.PENAL CODE ANN. § 12.33(a); TEX.PENAL CODE ANN. § 12.42(a)(3)(Vernon

Supp. 2008).

The trial court admitted evidence, without objection, that Appellant had been convicted of two felony offenses prior to his arrest for DWI in this instance. Appellant was admonished that he was charged with a third-degree felony, punishable as a second-degree felony. He plead "guilty" to the same in open court. In addition, Appellant judicially confessed to "the truth of any and all paragraphs alleged for purposes of enhancing punishment." A judicial confession to the truth of the enhancement paragraphs relieves the States of its burden to prove the allegations "because a plea of 'true' constitutes 'evidence and sufficient proof to support the enhancement allegation.'" *Ford v. State*, 243 S.W.3d 112, 117 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd), *quoting Wilson v. State*, 671 S.W.2d 524, 526 (Tex.Crim.App. 1984).

Appellant also argues that the trial court's failure to make an express finding of "true" regarding the punishment enhancements renders the increased sentence illegal. While it is preferable for the trial court to read the enhancement paragraphs orally, and make an express finding of true in cases where the trial court alone is assessing the defendant's punishment, the court does not err by not doing so. *Seeker v. State*, 186 S.W.3d 36, 39 (Tex.App.--Houston [1st Dist.] 2005, pet. ref'd). Here, Appellant provided a judicial confession, admitting to the enhancements, and the trial court admonished him that he would be subject to an enhanced punishment range. The enhanced punishment range would not have been available without the trial court having found one of the enhancement paragraphs to be true. Therefore, although the record does not contain an express finding by the trial court, the record establishes that the trial court impliedly made a finding of true as to one of the prior felonies. *See Almand v. State*, 536 S.W.2d 377, 379 (Tex.Crim.App. 1976); *Garner v. State*, 858 S.W.2d 656, 659-60 (Tex.App.--

Fort Worth 1993, pet. ref'd). As we have concluded that Appellant plead true to the allegations in the enhancement paragraphs and that the trial court impliedly found the allegation of at least one of those enhancements to be true, the sentence imposed was not outside the range for the offense for which Appellant was convicted. Issue Three is overruled.

Having determined Appellant plead true to the enhancements and the trial court impliedly found one of the enhancement paragraphs to be true, it is necessary to reform the judgment. An appellate court has the authority to modify incorrect judgments where the evidence necessary to correct a judgment appears in the record. TEX.R.APP.P. 43.2(b); *Tyler v. State*, 137 S.W.3d 261, 267-68 (Tex.App.--Houston [1st Dist.] 2004, no pet.). Here, despite the trial court's finding of true, and Appellant's admission through his plea and judicial confession, the judgment states "N/A" where the plea to the enhancements should have been entered on the judgment and "N/A" where the court's findings on the enhancements should have been entered. Accordingly, we modify the judgment to reflect that Appellant plead true to the first enhancement paragraph as alleged in the indictment, and that the trial court found the same to be true.

We affirm the trial court's judgment as modified.

April 16, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

-6-