Daniel Dongrele LINDLEY, Appellant

v.

The STATE of Texas, Appellee.

No. 06–09–00200–CR.

Court of Appeals of Texas,
Texarkana.

Submitted: Nov. 30, 2010.

Decided: Dec. 17, 2010.

Phil Smith, Sulphur Springs, TX, for Appellant.

Heather E. Hoblit, Asst. Dist. Atty., Martin E. Braddy, Dist. Atty., for Appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Just a day after Daniel Dongrele Lindley was placed on deferred adjudication community supervision for two cases of attempted capital murder, the State moved to adjudicate Lindley's guilt and have his supervision revoked. The trial court found Lindley was in violation of the terms and conditions of his supervision, adjudicated Lindley, and sentenced him to forty-five

years in prison for each case.[1] We affirm the trial court's rulings and sentences. We find no error in the State's failure to consent in writing to Lindley's waiver of a jury trial; the evidence is sufficient to support the adjudication; and Lindley has not demonstrated any due process violation.

## I. State's Failure to Waive Jury Trial

■ Lindley claims the trial court's judgment is void because there is nothing in the record showing the State consented, in writing, to Lindley's waiver of a jury trial.[2] Lindley failed to timely appeal the order placing him on community supervision.[3] An appeal from an order revoking community supervision is limited to the propriety of the revocation. *Corley v. State*, 782 S.W.2d 859, 861 n. 2 (Tex.Crim. App.1989); *Hoskins v. State*, 425 S.W.2d 825, 828 (Tex.Crim.App.1967); *Holiday v. State*, 983 S.W.2d 326, 327–28 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd) (op. on reh'g). The right to raise issues arising from the original plea proceeding is available only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999).

■ Lindley is correct that if the judgment placing him on deferred adjudication community supervision was void, he could raise that jurisdictional shortcoming in his appeal from the order adjudicating him. *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim.App.2001). A judgment of conviction is void in very rare circumstances, none of which are present here. *Id.*

■ Lindley argues that because there is nothing in the record, specifically nothing in writing, indicating the State consented to Lindley's waiver of a jury trial, the trial court had no jurisdiction to entertain Lindley's plea. The requirement of obtaining the State's consent in order to waive a jury trial protects the interests of the State to insist on a jury trial, not the defendant's rights. "[C]onsent by the state is not a jurisdictional requisite to the rendition and entry of an otherwise valid judgment." *Shaffer v. State*, 769 S.W.2d 943, 944 (Tex.Crim.App.1989). The State's failure to provide written consent as required by Article 1.13 is not "error as to a defendant or from which a defendant can complain." *Id.* at 945. We overrule Lindley's first point of error.

## II. Sufficient Evidence to Adjudicate Guilt

■ Lindley was indicted for two cases of attempted capital murder: he was charged with attempting to kill Leigh Ann

---

1. Lindley presents a single brief addressing both cases. The issues and arguments are the same for both convictions, and we reach the same conclusion in both cases. Please see our opinion of instant date, *Lindley v. State*, cause number 06–09–00201–CR.

2. When a defendant wishes to waive his or her right to a jury trial, among other requisites, the defendant must secure the consent of the State: "the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea." TEX.CODE CRIM. PROC. ANN. art. 1.13 (Vernon 2005).

3. Lindley's instant appeals are the result of the Texas Court of Criminal Appeals granting Lindley out-of-time appeals. *Ex parte Lindley*, Nos. AP–76,246, AP–76, 247, 2009 WL 3474100 (Tex.Crim.App. Oct. 28, 2009). The Texas Court of Criminal Appeals' opinion allows Lindley to appeal the judgments of conviction. We see nothing in the record or the high court's opinion indicating Lindley sought or was granted the right to tardily appeal from the order placing him on deferred adjudication community supervision.

Smith and Smith's daughter, who was seven at the time of trial. One of the terms and conditions of Lindley's community supervision was that he was not to communicate with either Smith or her daughter or "go within 1000 feet" of either victim or their residence. About 5:00 or 6:00 p.m. the day Lindley pled guilty and was placed on community supervision, Smith saw Lindley in a car driven by Lindley's friend. Smith and her daughter were at a local water park in Sulphur Springs. Smith recognized Lindley's friend, the driver of the car, who was a black male. Smith saw Lindley and testified she made eye contact with him. Smith said Lindley and his friend drove around the park "a few" and "multiple" times. She testified the pair continued to circle the park after Lindley and Smith exchanged eye contact. There was testimony the park was within 1,000 feet from the street; Smith testified her daughter was at the park and thus within the same 1,000 feet.

Lindley's girlfriend, Bridgette Childress, testified that she, a white female, was driving Lindley around the park on the day in question, after having picked him up from jail. She said they drove around the park one time, looking for a friend of Lindley, then left the area. She said they did not see Smith at the park. Childress also testified that the day before the adjudication hearing, Smith told Childress she was not sure she had seen Lindley on the day in question. Both witnesses acknowledged that Lindley's grandmother, with whom Lindley lived before being sent to jail, lived in the neighborhood of the park.

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App.2006). In determining questions regarding sufficiency of the evidence in community supervision revocation cases, the State must prove, by a preponderance of the evidence, that the defendant violated a term of his or her community supervision. *Id.* A preponderance of the evidence exists when the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of his or her supervision. *Id.* at 764; *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex.Crim.App.1974).

The trial court is not authorized to revoke supervision without a showing that the probationer has violated a condition of the community supervision imposed by the court. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex.Crim.App.1987). In a community supervision revocation hearing, the trial judge is the sole trier of fact. *Jones v. State*, 787 S.W.2d 96, 97 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd). The trial judge also determines the credibility of the witnesses and the weight to be given to their testimony. *Id.* The judge may accept or reject any or all of the witnesses' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex.Crim.App.1987).

Here, distinct conflicts were presented. Smith testified that Lindley was in a vehicle being driven down the street directly in front of her when she was at the water park. She recognized him and his friend, a black male, and identified the automobile they were in. As he passed by, he looked directly at her and they made eye contact; the driver of the vehicle kept driving around the park several times, and she was certain that Lindley saw her there. Childress, a white female, testified that she picked Lindley up from jail and they drove by the park once and did not see Smith. The trial court was required to judge the credibility of the witnesses and determine if Lindley and a black male drove several times around the park and made eye contact with Smith, or if Lindley, riding with a white female, drove only once

around the park without encountering Smith. The trial court announced that it had "observed the countenances of the witnesses and has judged the credibility of the witnesses" in arriving at its conclusion. The trial court did not abuse its discretion in finding sufficient evidence of a violation of the order.

### III. Due Process

 Lindley next argues that unless the State is required to prove that he intentionally or knowingly came within 1,000 feet of the victims, that condition is "void for vagueness" and, therefore, his due process rights were violated when the trial court revoked his supervision. Usually "void for vagueness" issues are raised in an attack on the constitutionality of a statute. *See generally Gillenwaters v. State*, 205 S.W.3d 534, 536 (Tex.Crim.App.2006); *Perez v. State*, 261 S.W.3d 760, 768–69 (Tex.App.-Houston [14th Dist.] 2008, pet. ref'd). Here, Lindley is complaining not about a statute, but about a term and condition imposed on him by the trial court, to which Lindley affixed his signature and thumbprint. An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract. *Speth v. State*, 6 S.W.3d 530, 534 (Tex.Crim.App.1999). Lindley made no objection to the trial court that the terms and conditions were unclear at the time they were imposed. A defendant cannot complain about community supervision conditions for the first time on appeal. *Id.* at 535.

The argument that Lindley should not be held responsible because he did not know that Smith and her daughter were at the park is belied by the evidence that Lindley continued to circle the park after first encountering Smith. Further, the case on which Lindley relies is distinguishable. In *Leach v. State*, 170 S.W.3d 669 (Tex.App.-Fort Worth 2005, pet. ref'd), the appellant challenged the constitutionality of a statute for vagueness. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 13B(a)(1)(B) (Vernon Supp.2010) (mandating that as to one placed on community supervision for a sexual offense against a child, the order required that probationer not go within 1,000 feet of "premises where children commonly gather"). Here, the complaint does not concern a statute, but a discretionary condition imposed by the trial court which was not challenged at the time it was imposed. This condition is much more specific than the one in *Leach*—Lindley was not to go within 1,000 feet of a specifically named victim, which is quite different from the broad language in *Leach* regarding "where children commonly gather." Even in *Leach* this argument was rejected when the appellate court found ample evidence in the record that Leach was aware children were regularly present in the apartment complex common area where Leach was seen watching the children. *Leach*, 170 S.W.3d at 675.

 Lindley also argues that the trial court erroneously considered evidence of conduct which was not alleged in the State's motion to adjudicate. The day before the adjudication hearing, Childress was on the telephone with Lindley and gave the telephone to Smith, thus facilitating communication between Lindley and Smith. This would be in violation of the terms of Lindley's supervision order, but was not alleged in the motion. The authority of the trial court to revoke community supervision is limited by the allegations of which the probationer has due notice, those which are contained in the written motion to revoke filed during the

term of the probationary period. *Zillender v. State*, 557 S.W.2d 515 (Tex.Crim. App.1977).

■■■ At the conclusion of the hearing, the trial court announced that Lindley violated condition (cc–1) of the community supervision order ("Defendant shall not ... go within 1000 feet of the victim(s)") and immediately stated, "I'm going to find him guilty at this time of attempted capital murder." The trial court had the authority to revoke community supervision and adjudicate Lindley's guilt on a finding of any violation of community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim.App. [Panel Op.] 1980). The evidence affirmatively shows that the trial court revoked the community supervision and found Lindley guilty of the offense based on the violation of the condition as alleged in the motion to adjudicate. This finding, which was supported by evidence, was sufficient to find Lindley in violation of his terms and conditions and, therefore, sufficient to support adjudication and revocation.

We affirm the judgment of the trial court.