# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00546-CR

**Robbye Denise Jones, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 57430, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from Robbye Denise Jones's conviction for possession of cocaine following an adjudication of guilt after violations of the conditions of her community supervision. Jones was indicted for possession of four or more but less than two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010 & Supp. 2012). Pursuant to a plea bargain, the trial court accepted Jones's guilty plea, granted deferred adjudication, and placed Jones on community supervision for ten years. The indictment contained two enhancement paragraphs for prior felony convictions increasing the statutory range of punishment from a second-degree felony to a first-degree felony. *See id*.; Tex. Penal Code Ann. § 12.42(b) (West 2011 & Supp. 2012). Jones's signed judicial confession—agreeing and stipulating to the enhancements—was admitted at the plea hearing. The deferred-adjudication order provided that the applicable punishment range, with enhancements, was for a first-degree felony. Jones did not appeal from the deferred-adjudication order.

The State subsequently moved to adjudicate guilt, alleging that Jones had violated several of the conditions of her community supervision. Jones pleaded true to nine of the violations, including testing positive for cocaine eight times since she was placed on deferred adjudication. The trial court revoked community supervision, adjudicated Jones guilty, and assessed punishment at fifteen years' imprisonment. While the judgment adjudicating guilt provides that the offense was a "2nd degree felony enhanced to 1st degree felony, repeat offender," the punishment assessed was within the statutory range for either the primary offense or as enhanced by the prior convictions. *See* Tex. Penal Code Ann. § 12.32 (West 2011 & Supp. 2012) (statutory punishment range for first-degree felony five to ninety-nine years' imprisonment); *id*. §12.33 (statutory punishment range for second-degree felony two to twenty years' imprisonment).

On appeal from the judgment adjudicating guilt,[1] Jones contends: (1) the trial court erred in assessing her attorney's fees after finding her indigent, (2) the trial court abused its discretion in assessing her an excessive sentence inconsistent with the rehabilitative goals of the Texas Penal Code, (3) the trial court failed to properly admonish her on the range of punishment, and (4) there was insufficient evidence of the enhancements. We reform the judgment and affirm as modified.

---

[1] The State argues the trial court's certification improperly certified that this was not a plea-bargain case. We disagree. "[I]n a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters his plea of guilty in exchange for deferred adjudication community supervision." *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). If the defendant is later adjudicated guilty, unless a second bargain as to punishment is reached, "the trial judge must check the box on the certification form indicating that the case is not a plea-bargain case, and the defendant has the right of appeal." *Id.*

**ATTORNEY'S FEES**

In her first point of error, Jones contends the trial court erred by ordering her to pay court-appointed attorney's fees. Prior to the adjudication hearing, the trial court found Jones indigent and appointed an attorney to represent her. The trial court made no further findings that Jones had financial resources enabling her to offset in part or in whole the costs of the legal services provided. *See* Tex. Code Crim. Pro. Ann. art. 26.05(g) (West 2009). Absent a material change in circumstances, an accused is presumed to remain indigent throughout the proceedings once she is found indigent. *Id*. art. 26.04(p) (West 2009 & Supp. 2012). Nevertheless, the trial court's final judgment ordered Jones to pay $1,500 in attorney's fees. The State concedes "the record is silent as to any material change in Jones's circumstances subsequent to her determination of indigence" and requests reformation of the judgment to remove the order for payment of attorney's fees. Without evidence demonstrating Jones had financial resources to offset the costs of the legal services provided, the trial court erred in ordering reimbursement of court-appointed attorney's fees after finding her indigent. *Mayer v. State*, 274 S.W.3d 898, 901 (Tex. App.—Amarillo 2008), *aff'd*, 309 S.W.3d 552. Accordingly, we modify the judgment to remove the requirement that Jones pay court-appointed attorney's fees. *See id*.

**EXCESSIVE SENTENCE**

Jones contends the trial court abused its discretion by sentencing her to fifteen years' imprisonment in violation of the rehabilitative objectives of the Texas Penal Code. "As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed

3

to object or otherwise raise such error in the trial court." *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *see also* Tex. R. App. P. 33.1(a)(1). Jones did not object to the trial court's sentence or raise the argument in a post-trial motion. We do not conclude, nor does Jones argue, that the sentence is void or otherwise rises to the level of fundamental error.[2] *See Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). Accordingly, we conclude Jones has not preserved this issue for review.

Even if Jones had preserved error, we note that the trial court imposed punishment within the statutory range of punishment—either for the primary offense or as enhanced by the repeat offender allegations in the indictment. *See* Tex. Penal Code Ann. §§ 12.32—12.33. When the sentence imposed is within the statutory guidelines, the trial court has a great deal of discretion in sentencing. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Further, as long as there was some evidence upon which to base the sentence, the sentence will generally not be disturbed on appeal if it is within the statutory range of punishment. *Id.* In this case, the trial court had before it Jones's judicial confession, pleas of true to multiple violations of the terms and conditions of her community supervision, testimony of Jones's probation officer, Jones's presentence report, and Jones's own testimony during the adjudication hearing. Even if Jones had preserved error, we would conclude the trial court did not abuse its discretion in imposing a sentence within the statutory range of punishment. Jones's second point of error is overruled.

---

[2] Jones does not complain that the sentence is void because it exceeded the penalty range for the primary offense for which she was convicted. Rather, as previously noted, the trial court's sentence of 15 years' imprisonment—even without a finding of true to the enhancement paragraphs—was within the statutory range of punishment authorized under the primary offense.

## ADMONISHMENT OF PUNISHMENT RANGE

In her third point of error, Jones argues her guilty plea was not voluntarily given because the trial court failed to properly admonish her regarding the range of punishment. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a) (West 2009 & Supp. 2012). In response, the State argues we lack jurisdiction over this complaint because Jones cannot complain of her original guilty plea in an appeal following a judgment adjudicating guilt. We agree with the State.

A plea-bargaining defendant may not attack the voluntariness of his plea on appeal.[3] *Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001); *Cooper v. State*, 45 S.W.3d 77, 77 (Tex. Crim. App. 2001). Moreover, a defendant placed on deferred adjudication may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661—62 (Tex. Crim. App. 1999). In an appeal from a judgment adjudicating guilt, an attack on the original plea of guilty is prohibited unless the judgment is void. *Id.*; *Nix v. State*, 65 S.W.3d 664, 667—68 (Tex. Crim. App. 2001); *Jordan*, 54 S.W.3d at 785. A judgment is rarely void, and "an involuntary plea does not constitute one of those rare situations." *Jordan*, 54 S.W.3d at 785. Jones did not appeal from the order granting deferred adjudication. Four years later, after she was adjudicated guilty, Jones filed this appeal challenging the voluntariness of her guilty plea. For the foregoing reasons, we overrule Jones's third point of error.

---

[3] Jones has not filed a writ of habeas corpus application challenging the voluntariness of her guilty plea. *See Jordan v. State*, 54 S.W.3d 783 (Tex. Crim. App. 2001).

**INSUFFICIENT EVIDENCE OF ENHANCEMENTS**

In her final point of error, Jones argues there was insufficient evidence to support the two enhancements paragraphs in the indictment because there was no plea recorded for the enhancements and there was no evidence from which the trial court could have implicitly found the enhancements to be true. We conclude—as we did with Jones's third point of error—that we do not have jurisdiction to consider these issues on appeal because they relate to the original plea proceeding and should have been brought in an appeal from the deferred-adjudication order. *See Manuel*, 994 S.W.2d at 661 ("[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed."); *see also Hardeman v. State*, 1 S.W.3d 689, 691 (Tex. Crim. App. 1999).

In a similar case before the Texas Court of Criminal Appeals, *Hardeman v. State*, the appellant had stipulated to two enhancement paragraphs but contended—on appeal after adjudication of guilt—that the trial court failed to arraign him on the enhancement paragraphs and that there was insufficient evidence for the enhancements. *Hardeman*, 1 S.W.3d at 691. Citing *Manuel v. State*, the Texas Court of Criminal Appeals held that the court of appeals was correct in determining it lacked jurisdiction over the claim because appellant "waived these complaints by not raising them in an appeal after the trial court imposed deferred adjudication." *Id.* at 691. Similarly, in this case, Jones stipulated to the two enhancement paragraphs at the original plea hearing but now contends—on appeal after adjudication of guilt—that there was insufficient evidence to support the enhancements. We also note that the deferred-adjudication order in this case provided Jones sufficient notice that, upon an adjudication of guilt, she would be punished for a first-degree felony.

Accordingly, Jones should have challenged the sufficiency of the evidence supporting the enhancements from the deferred-adjudication order. *Id.* By waiting until after adjudication of guilt, Jones has waived this complaint on appeal.[4] *Id.*

## DEGREE OF CONVICTED OFFENSE

During our review of the case, we noticed that the judgment adjudicating guilt specifies that the degree of offense was a second-degree felony enhanced to a first-degree felony. Although the alleged enhancements increased the punishment range to that equivalent to a first-degree felony, the charged offense of possession of four or more but less than two hundred grams of cocaine is a second-degree felony. Tex. Health & Safety Code Ann. § 481.115; Tex. Penal Code § 12.42(b). This Court has authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). Accordingly, we modify the judgment to provide that Jones

---

[4] Even if we had jurisdiction, Jones's claim lacks merit. In this case, Jones judicially confessed to the enhancement paragraphs and agreed to stipulate that the facts in the enhancement paragraphs "are true and correct and may constitute evidence in this case." The judicial confession was admitted at the plea hearing. We would conclude that the "judicial confession was a sufficient basis for the trial court to find the enhancement paragraphs true." *See Ford v. State*, 243 S.W.3d 112, 116 (Tex. App.—Houston [1st Dist.] 2007, pet ref'd); *see also Torres v. State*, 391 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) ("[A] plea of guilty to an indictment containing enhancement allegations constitutes a plea of true to the enhancement allegations.").

was convicted of a second-degree felony, with her sentence enhanced to a first-degree felony by prior felony conviction.[5]

## CONCLUSION

We modify the judgment to: (1) remove the requirement that Jones pay court-appointed attorney's fees, and (2) provide that Jones was convicted of a second-degree felony, with her sentence enhanced to a first-degree felony by prior felony conviction. As modified, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Rose

Modified and, As Modified, Affirmed

Filed:  May 8, 2013

Do Not Publish

---

[5] In her brief Jones complains the "trial court erred when he informed the Appellant that she was charged with a first degree felony." Jones provides neither citations to the record nor further argument for this issue. Reviewing the record, it appears Jones is complaining of the trial court's comments at the adjudication hearing. Discussing Jones's plea hearing, the trial court stated: "[Y]ou were charged with a pretty serious first-degree felony offense of enhanced possession of 4 to 200 grams of a controlled substance which I believe was alleged to be cocaine." Jones's counsel made no objection. As previously discussed, Jones was charged with a second-degree felony but the range of punishment was enhanced to a first-degree felony because of her prior felony convictions. Tex. Health & Safety Code Ann. § 481.115 (West 2010 & Supp. 2012); Tex. Penal Code § 12.42(b) (West 2011 & Supp. 2012). Jones has waived error by not raising this issue at the trial court. Tex R. App. P. 33.1(a)(1). Regardless, we conclude any error is remedied by our reforming the judgment to reflect Jones was convicted of a second-degree felony, with her sentence enhanced to a first-degree felony by prior felony conviction.