**Opinion issued July 23, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-12-00163-CR

————————————

**WILLIE EARL SELLERS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1265338**

---

**MEMORANDUM OPINION**

Willie Earl Sellers, Jr. was convicted of aggravated robbery.[1] The trial court

assessed punishment at twenty-five years' confinement. In two issues, Sellers

---

[1]      TEX. PENAL CODE ANN. § 29.03 (West 2011).

complains that the evidence is insufficient to support the enhancement allegation in the indictment because the appellate record is incomplete and does not affirmatively show that (1) he entered a plea of "true" to the enhancement allegation or (2) any evidence at the punishment phase of the trial supports a finding that the enhancement allegation is true. We affirm the trial court's judgment.

## Background

A grand jury indicted Sellers for an aggravated robbery at a laundromat in June 2010. The indictment alleged that he had been convicted of a prior felony offense of possession of a controlled substance in February 2001. After a trial, the jury found Sellers guilty of aggravated robbery as charged in the indictment. The trial court then adjourned the proceedings and reset the punishment hearing.

Several days later, the punishment hearing was held before the court. The trial court docket sheet states that Sellers appeared with his counsel and pleaded "true" to the enhancement, and that the trial court sentenced Sellers to twenty-five years' confinement in the Texas Department of Criminal Justice - Institutional Division. The trial court also signed its judgment that day, convicting Sellers of the offense of aggravated robbery with a deadly weapon, and assessing punishment of twenty-five years' confinement. The judgment recites a plea and a finding of "true" to the enhancement paragraph in the indictment.

Sellers appealed. His appellate counsel requested preparation of the record, including a transcription of the punishment hearing, all exhibits, and "[a] copy of all records presented and reviewed by the Court at the proceedings in this case[.]" The official court reporter of the 174th District Court filed the reporter's record with this Court. The record, however, does not include a transcription of the punishment hearing. The reporter's record includes the following note:

> (Note: Based on the handwritten worksheet of the certified official reporter who reported this trial, Brenda Burleigh, now deceased, punishment proceedings were held on February 13, 2012. After a careful and tedious search and review of her computer and office, no steno or computer notes, whether electronic, physical or otherwise, have been located for the transcription to be included in the reporter's record)

The reporter's record also includes ten exhibits, numbered State's Exhibit 17 through 26. The following note accompanies each exhibit:

> (Note: According to the handwritten notes of the certified official reporter, State's Exhibit No. 17 was offered during punishment proceedings and has been included as part of the reporter's record.)

State's Exhibit 17 is a "Stipulation of Evidence" in which Sellers confessed to nine prior convictions, including the February 2001 conviction for possession of a controlled substance. State's Exhibits 18 through 26 are the judgments of conviction referred to in the stipulation. State's Exhibit 19 is a copy of the 2001 judgment for conviction of possession of a controlled substance.

On appeal, Sellers does not assert any complaint about the guilt-innocence proceedings or the sufficiency of the evidence to support his conviction for aggravated robbery. He asserts error only as to the sufficiency of the evidence to support the enhancement allegation in the indictment based on an incomplete appellate record.

**Sellers Is Not Entitled to a New Punishment Hearing Under Rule 34.6(f)**

**A.     Sellers's argument on appeal**

In two issues, Sellers contends that the evidence is insufficient to support the enhancement allegation in the indictment because the incomplete appellate record does not affirmatively show that (1) he pleaded "true" to the allegation or (2) any evidence at the punishment hearing supports the enhancement finding. According to Sellers, the punishment hearing "took place, but it is impossible to obtain an official transcript of the proceedings for purposes of appeal." Based on the incomplete appellate record, he requests that the case be remanded to the trial court for a new punishment hearing. *See* TEX. R. APP. P. 34.6(f) (providing that appellant is entitled to new trial in circumstances set out in rule when appellate record is lost or destroyed); *Kirtley v. State*, 56 S.W.3d 48, 51–52 (Tex. Crim. App. 2001) (holding that complete record was necessary to complain of ineffective assistance

4

of counsel, but that new trial could not be ordered without finding that parties could not agree on complete reporter's record).[2]

Sellers conflates an argument that he is entitled to a new trial under rule 34.6 with an argument that the evidence is insufficient to support a finding that he pleaded "true" to the enhancement alleged in the indictment or that the trial court found the alleged enhancement to be true. He does not suggest that the missing portion of the record is necessary to analyze any error other than the sufficiency of the evidence to support his plea or the finding of "true" to the enhancement allegation in the indictment. *Cf. Kirtley*, 56 S.W.3d at 51 (appellant argued that record was necessary so that he could claim ineffective assistance of counsel at punishment hearing). Sellers only asserts that, without a record of the punishment hearing, the record is insufficient to reflect that he pleaded "true" to the enhancement allegation or that the trial court found the allegation to be true.

---

[2] The State urges that a claim of error under rule 34.6(f) is not properly before the Court and that Sellers's issues are inadequately briefed. The State asserts that Sellers (1) designates his claims as insufficiency-of-evidence claims, (2) does not address error under rule 34.6(f), (3) has not shown that the missing portion of the record is necessary for his appeal, and (4) has failed to present a complete record for his evidentiary claims. We decline to dispose of this case on briefing waiver. *See* TEX. R. APP. P. 38.1(f). ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *Few v. State,* 230 S.W.3d 184, 189 (Tex. Crim. App. 2007) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997)) (noting that courts of appeals should construe Rules of Appellate Procedure "'reasonably, yet liberally,'" so that right to appeal is not lost by imposing requirements not absolutely necessary to effect rules' purpose).

**B. Standard of review**

To obtain a new trial under rule 34.6(f), an appellant must show (1) that a significant portion of the record was lost or destroyed, (2) through no fault of his own, (3) that the missing portion of the record is necessary to the appeal, and (4) the parties cannot agree on the record. TEX. R. APP. P. 34.6(f); *Routier v. State*, 112 S.W.3d 554, 571 (Tex. Crim. App. 2003).[3] We review cases involving the loss or destruction of the record from the appellant's standpoint, and resolve any reasonable doubt in the appellant's favor. *Routier*, 112 S.W.3d at 570–71. Rule 34.6(f)(3) requires an appellant to show that the missing portion of the reporter's record is necessary to the appeal's resolution and therefore its absence harmed him. *Id.* at 571; *see Isaac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999) ("If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion of the record is harmless under the rule, and a new trial is not required.").

**C. Sellers has not demonstrated that a record of the punishment hearing is necessary**

The Texas Penal Code provides for an increased level of punishment if a defendant has a prior final non-state-jail felony conviction. *See* TEX. PENAL CODE ANN. § 12.42 (West 2011) (amended effective Sept. 1, 2011). To establish a prior

---

[3] Sellers does not assert that the record of the punishment proceeding cannot be replaced by agreement of the parties. *See* TEX. R. APP. P. 34.6(f)(4).

6

conviction for sentence enhancement purposes, the State must prove beyond a reasonable doubt that the prior final conviction exists, and the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007); *see also Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986) ("It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted."). There is no requirement that the prior conviction be proven with any specific document; the State may prove that a defendant has been convicted of an offense in several ways. *Flowers*, 220 S.W.3d at 921. Once a defendant pleads true to the enhancement allegations, the State is relieved of its burden to prove the allegations "because a plea of 'true' constitutes 'evidence and sufficient proof to support the enhancement allegation.'" *Ford v. State*, 243 S.W.3d 112, 117 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (quoting *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984)). The fact that a defendant entered a plea of "true," however, "must be affirmatively reflected by *evidence* in the record." *Wilson*, 671 S.W.2d at 526 (emphasis in original).

Sellers contends that the recitations in the trial court docket sheet[4] and judgment provide the only indication that he pleaded true to the enhancement allegation, but those recitations are not evidence. *See Henry v. State*, 331 S.W.3d

---

[4] The docket sheet entry states that "both State and Defense announce[d] ready, and the punishment phase began"; the "State arraigned the defendant"; and the "Defendant plead[ed]—TRUE to the enhancement."

552, 555 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Wilson*, 671 S.W.2d at 526) (analyzing case as one in which defendant did not plead "true" to enhancement allegations when record contained no evidence of defendant's plea); *see also State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) ("[D]ocket sheet entry is a memorandum made for the convenience of the trial court and clerk."). The record, however, includes testimony that supports the trial court's finding of "true" on the enhancement alleged in the indictment, as recited in the judgment.

Sellers's testimony during the guilt phase of the trial about his February 2001 conviction for possession of a controlled substance supports a finding of "true." The enhancement paragraph of the indictment alleges that "on FEBRUARY 19, 2001, in Cause No. 0859791 in the 176TH District Court of HARRIS County, Texas, [Sellers] was convicted of the felony offense of POSSESSION OF A CONTROLLED SUBSTANCE." During the guilt phase of the trial, Sellers testified that he was convicted in 2001 for possession of a controlled substance and "went to TDC for five years for that case[.]" He initially was on probation for the possession of a controlled substance but violated that probation with unauthorized use of a motor vehicle. When cross-examined by the State, Sellers testified that he previously had been convicted of three felonies and went to jail for five years for possession of a controlled substance.

The trial court may have considered this evidence of Sellers's conviction at the punishment hearing. *See Trevino v. State*, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003) (noting that "there is no requirement that evidence admitted at guilt/innocence be re-offered to be considered at punishment"); *Ex parte Kunkle*, 852 S.W.2d 499, 502 (Tex. Crim. App. 1993) (considering evidence introduced at guilt-innocence stage at punishment because such evidence may be considered at punishment); *Yglesias v. State*, 252 S.W.3d 773, 779 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (noting that judge who presided at trial and assessed punishment could make affirmative finding on use of deadly weapon even if State did not re-offer evidence adduced at guilt-innocence phase). We conclude that Sellers's testimony during the guilt phase of the trial supports a finding of "true." Accordingly, the record before this Court affirmatively supports the finding of "true" to the enhancement allegation recited in the trial court judgment. Sellers has not established that the record of the punishment hearing is necessary for his appeal, as rule 34.6(f)(3) requires and, thus, has not shown that he is entitled to a new hearing on punishment. We overrule Sellers's two issues.

## Conclusion

Having overruled Sellers's issues, we affirm the trial court judgment of conviction.

Harvey Brown
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish. Tex. R. App. P. 47.2(b).