**Opinion issued August 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00638-CR

_____

### IN RE CHRISTOPHER JOHN SHAFFER, RELATOR

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Christopher John Shaffer, has filed a petition for writ of mandamus requesting that this Court vacate the trial court's July 30, 2024 order denying his "2nd Motion for Nunc Pro Tunc Order."[1] Specifically, relator contents that there was a "clerical error" in the judgment, and that the trial court should correct the judgment nunc pro tunc to show that he was not a habitual offender.

---

[1] The underlying case is *The State of Texas v. Christopher John Shaffer*, cause number 16-043 Count II, which was tried in the 25th District Court of Colorado County.

In this case, the trial court's deferral of a finding when placing relator on deferred adjudication does not prohibit the trial court from making such a finding when relator was ultimately sentenced; his guilty plea supports the finding. *See Ford v. State*, 243 S.W.3d 112, 116-17 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding enhancement paragraphs "not applicable" until deferred adjudication was revoked, appellant was adjudicated guilty, and guilty plea supported enhancement). Thus, the trial court did not have a ministerial duty to "correct" the judgment.

Furthermore, a nunc pro tunc may correct clerical errors in a judgment, but not judicial omissions or errors. *Fanniel v. State*, 73 S.W.3d 557, 559-60 (Tex. App.—Houston [1st Dist. 2002, no pet.) (holding that when trial court expressly made no finding on enhancement prior to deferring adjudication, such ruling, if error, was judicial and not clerical). Thus, even if the trial court erred, the error would be judicial, not clerical, and a nunc pro tunc judgment would be inappropriate.

Finally, a mandamus is inappropriate unless the relator shows that he could not have challenged the enhancement by way of a regular appeal or through habeas corpus. *See In re Reider*, No. 09-03-143-CV, 2003 WL 1387150, at *1 (Tex. App.—Beaumont Mar. 20, 2003, orig. proceeding) (holding mandamus not available for denial of motion for judgment nunc pro tunc because relator "has not shown that he could not have challenged the cumulation order through regular appeal[.]"). Petitioner made no such showing here.

We **deny** the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).  We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).