

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00222-CR

_____

DENNIS CHARLES PERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 23464

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

After having been convicted of tampering with physical evidence[1] and being sentenced to a period of ten years' confinement, Dennis Charles Perry was granted shock probation and ordered to serve a ten-year period of community supervision. Perry's community supervision was later revoked. Because we find (1) even in the absence of waiver, the trial court did not abuse its discretion in revoking Perry's community supervision, and (2) Perry waived his procedural due process complaint, we affirm the judgment of the trial court.

I. **Background**

After Perry's conviction in April 2010, the trial court entered an order granting Perry's request to be placed on community supervision. On that same date, the trial court entered a judgment of conviction, sentencing Perry to ten years in the Texas Department of Criminal Justice, probated to ten years' community supervision, subject to the terms and conditions of community supervision. As a special condition of community supervision, Perry was required to serve a term of confinement and treatment in a substance abuse treatment facility for a term of not less than three months or more than one year. The special condition further required that upon release, Perry must participate in a drug or alcohol abuse continuum of care treatment plan until discharged by the staff of that program.

Perry successfully completed his term in the substance abuse treatment facility in March 2011, at which time the trial court entered an order releasing him from the facility. Thereafter, in

[1]TEX. PENAL CODE ANN. § 37.09 (West Supp. 2011).

2

September 2011, the State filed a motion to revoke Perry's community supervision, alleging Perry violated condition 23 of the conditions of community supervision, alleging

> Defendant failed to avoid the use of alcohol, marijuana, any dangerous drug, any prescription that is not prescribed to him/her, or any substance prohibited by the Texas Controlled Substances Act, in any form, to wit: ***defendant admitted and signed admission to using Methamphetamine and Hydrocodone on or about August 22, 2011***.

At the revocation hearing, Perry pled "true" to the allegation that he violated the terms of his community supervision, as alleged by the State.[2]  After Perry entered his plea, the trial court stated, "I'll accept your pleas of true in both cases.[3] I do find the allegations are true.  I do revoke your community supervision in each of these cases.  We will now proceed to hear evidence concerning punishment."

Perry testified that he used hydrocodone and methamphetamine on August 22, 2011, and, in an effort to acquire assistance in his struggle with drugs, told his community supervision officer that he had used the drugs.  He stated there was no counseling available to him at the time of his relapse.  Due to funding issues, Community Healthcorp, which had initially provided the drug counseling program, closed its operations and a different counseling program was begun.  During the transition period between the cessation of one program and the commencement of the other,

---

[2]After having appropriately admonished Perry, the court admitted written plea admonishments, whereby Perry entered his plea of true to "each and every allegation contained in [sic] Petition in this case."

[3]Perry also pled true to violating the terms and conditions of community supervision in trial court cause number 23580.  Perry's appeal of his revocation in that matter is the subject of a separate opinion, of even date, styled *Dennis Charles Perry v. The State of Texas*, appellate cause number 06-11-00223-CR.

3

counseling was unavailable for a "few weeks." In the interim, Perry attended a peer support program. Perry testified that the new counseling program, offered by a different provider, began in the first or middle part of June, and that the cost of the program was twenty dollars a week.[4]

## II. Analysis

### A. Even in the Absence of Waiver, the Trial Court Did Not Abuse Its Discretion in Revoking Perry's Community Supervision

In his initial appellate point, Perry contends that the trial court abused its discretion in revoking his community supervision. This contention is based on the assertion that the State failed to comply with a term of community supervision providing for a "continuum of care" for his drug use problems. On appeal, Perry attributes his one-time relapse to the loss of counseling, asserting further that given his success while provided continuing care as contemplated under the terms of community supervision, his relapse would not have occurred had the State continued to provide "the continuum of care" as set forth in the conditions of community supervision.

When the trial court determines that one or more conditions of community supervision have been violated, the court may then continue, extend, modify, or revoke the community supervision, in its discretion. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 22(a), 23(b) (West Supp. 2011); *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (abuse of discretion standard applied to review of trial court's decision to revoke community supervision). At a revocation hearing, the State must prove by a preponderance of the evidence that a condition

---

[4]Perry's testimony is somewhat unclear. He testified that he attended a peer support program starting in June and that a new counseling program commenced in June as well. Evidently, he did not attend the new counseling program.

4

of community supervision has been violated. A plea of true, standing alone, is sufficient to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). The judgment of the trial court should be affirmed if the grounds on which the trial court revoked are not challenged. *See Baxter v. State*, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996), *pet. dism'd, improvidently granted*, 960 S.W.2d 82 (Tex. Crim. App. 1998) (per curiam).

Here, Perry argues that the State's alleged failure to provide a "continuum of care" should be analyzed in the same manner as is the breach of a civil contract. Under this theory, Perry claims that he has been "discharged or excused from further performance" of the terms and conditions of community supervision because the State "failed to comply with the services it agreed to supply."[5] True, an award of community supervision is not a right, but a contractual privilege in which the conditions thereof are the terms of the contract entered into between the trial court and the defendant. *Lindley v. State*, 331 S.W.3d 1 (Tex. App.—Texarkana 2010, no pet.). However, we are unaware of any authority to support the proposition that such a contract is to be analyzed under the rules of construction and enforcement as civil contract law, and we have been provided no such authority.[6] Because we overrule Perry's initial appellate point on other grounds, we need not address this issue.

---

[5]Perry argues the principles of civil contract law as enunciated in *Mustang Pipeline Co., Inc. v. Driver Pipeline Co.*, 134 S.W.3d 195 (Tex. 2004), should apply here. *Mustang* has nothing to do with community supervision revocation or the criminal law. Rather, the case applied common-law principles to a civil breach of contract action.

[6]It has been recognized, however, that while the Legislature has not enumerated impossibility of compliance as a defense to revocation, due process and equal protection require it. *Clay v. State*, 361 S.W.3d 762 (Tex. App.—Fort

Initially, a waiver issue is presented. While Perry presents a unique "breach of contract" argument on appeal, that complaint was not voiced by Perry in the trial court. At the revocation hearing, Perry never testified that his relapse resulted from a lack of counseling. Rather, he testified that counseling was unavailable for a "few weeks." In fact, Perry testified he received the drugs from a friend in his peer support group, the peer support group being a part of the continuum of care Perry received. Further, Perry did not complain to the trial court that he was relieved of his obligation to fulfill the terms and conditions of his community supervision because counseling was unavailable for a brief period of time.

At the conclusion of the hearing, counsel for Perry argued:

> He admitted and asked for help. He ran into the problem there of finding a safe placement for his 13-year-old son because the mother was living off somewhere else and unable to take the child during that time. He's asking for help. He didn't have to admit to it without drug tests. But, /t [sic] he's asking that he be permitted to go to relapse, which he thought he was going to get to go to in the first place.

"As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a) (1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Perry's breach of contract complaint was not brought to the attention of the trial court at any point during the hearing. Further, to preserve error for appellate review, the point of error on appeal must comport with the objection made at trial. *Wilson*, 71 S.W.3d at 349. In this case, the argument

---

Worth 2012, no pet.) (Dauphinot, J., dissenting) (discussing inability to pay restitution). Impossibility of compliance has not been alleged here.

6

above was not made in the form of a complaint to the trial court. However, even if we were to consider the argument as voicing a complaint, we find the complaint made on appeal does not comport with the complaint made at trial. Thus, the complaint is not preserved for appellate review. *See id*.

Even in the absence of waiver, Perry's first appellate point could not be sustained. During the transition of counseling providers from Community Healthcorp to the newer provider, there was a short period of time during which counseling was unavailable. Perry testified that he signed up for the new counseling program, although it is unclear that he actually attended the program. We do not believe a lapse of a "few weeks" amounts to a failure to provide a continuum of care.

Further, there is no evidence that Perry's drug use occurred during the short time frame during which counseling was unavailable.[7] Perry, who was participating in a peer support group as part of the continuum of care when the drug use occurred, was presented with a choice to use drugs or to abstain; he made the wrong decision. The consequence of that decision was a revocation of Perry's community supervision. Perry pled "true" to the drug use allegation, and never contested this sole ground of revocation. Accordingly, the trial court did not abuse its discretion in revoking Perry's community supervision.

### B. Perry Waived His Due Process Complaint

---

[7]Perry testified that the new counseling program offered by Pierce and Agnew commenced in the first or middle part of June. His drug use occurred in August.

7

Perry next complains that the trial court's decision to revoke his community supervision before having heard any potentially mitigating or exculpatory evidence was a violation of his due process rights under the Fourteenth Amendment and his right to due course of law under the Texas Constitution. Perry relies on Section 22(a) of Article 42.12 of the Texas Code of Criminal Procedure, which provides:

> If after a hearing under Section 21 of this article a judge continues or modifies community supervision after determining that the defendant violated a condition of community supervision, the judge may impose any other conditions the judge determines are appropriate . . . .

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22(a). Because this provision empowers the trial court to continue or modify the terms and conditions of community supervision after a violation has been determined, revocation is only one option upon a finding of violation. Here, Perry complains that in light of Section 22(a), he was entitled to present mitigating evidence that the violation did not warrant revocation.[8] The State maintains that Perry waived any due process or due course of law complaint, because he failed to raise such complaint in the trial court and did not file a motion for new trial. We agree.

In *Ex parte Brown*, 158 S.W.3d 449 (Tex. Crim. App. 2005) (per curiam), the Texas Court of Criminal Appeals quoted with approval the following excerpt from *Gonzales v. Johnson*:

> [A] defendant is entitled to a probation revocation hearing before a judicial officer who has not predetermined that probation should be revoked or that a particular punishment should be imposed.

---

[8] While Perry was permitted to offer mitigating evidence for punishment purposes, that evidence was not presented until after revocation was pronounced.

8

*Id.* at 454 (quoting *Gonzales v. Johnson*, 994 F.Supp. 759, 762 (N.D. Tex. 1997)); *see also Black v. Romano*, 471 U.S. 606, 612 (1985). The trial court's refusal to consider the entire range of punishment in a particular case violates due process. *Brown*, 158 S.W.3d at 456. Here, Perry complains, in essence, of a predetermined decision to revoke his community supervision after having accepted his plea of "true," but prior to hearing any mitigating evidence.

The Texas Court of Criminal Appeals addressed a similar issue in *Hull v. State*, 67 S.W.3d 215 (Tex. Crim. App. 2002). In that case, Hull's sentence was probated. When Hull was placed on probation, he was admonished that a violation of a condition of probation would result in revocation. *Id.* at 216 n.1. A short time later, the trial court determined that Hull violated the conditions of his "zero tolerance" probation, and revoked probation. For the first time on appeal, Hull complained that he was deprived of his liberty interests in remaining on probation without due process of law. *Id*. at 216. Even though Hull understood the "zero tolerance" policy, he failed to object. *Id.* at 218. This failure to object occurred at the time he was placed on probation and at the time of the revocation hearing. Accordingly, the Texas Court of Criminal Appeals held that Hull failed to preserve his complaint. *Id*.

Here, it was clear that revocation occurred before mitigating evidence was presented, thus requiring an objection, or at the least, a motion for new trial.[9] The record reveals that Perry did

---

[9]In *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992), the high court noted that the trial court revoked probation and entered a finding sentencing Issa in a single proclamation. The court determined that Issa had no opportunity to

not present the due process and due course of law claims he now seeks to raise on appeal—that the trial court failed to consider options other than revocation—to the trial court.[10]   Rule 33.1 of the Texas Rules of Appellate Procedure requires that "[a]s a prerequisite to presenting a complaint for appellate review," the party must make a timely request, objection, or other complaint in the trial court, and the party must pursue that complaint to an adverse ruling.   TEX. R. APP. P. 33.1; *Hull*, 67 S.W.3d at 217.   Because Perry did not raise this issue before the trial court, it has not been preserved for our review.[11]   We, therefore, overrule Perry's second point of error.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice


Date Submitted:     May 14, 2012
Date Decided:       May 17, 2012

Publish

---

object until after the action had been taken; accordingly, Issa preserved error with regard to his inability to present punishment evidence by filing a timely motion for new trial.   *Id.*

[10]*Perry* does not address the issue of waiver in his brief.

[11]*See Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002) (constitutional complaints may be waived by failure to timely assert them in trial court).