# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00357-CR

**Clifford Eugene Dennis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
### NO. A-09-0168-SA, HONORABLE BEN WOODWARD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Clifford Eugene Dennis was charged with family violence for the assault of Mary Dulin. *See* Tex. Penal Code § 22.01(a), (b)(2). The indictment also alleged that Dennis had a previous conviction for family violence and a previous conviction for burglary. *See id.* §§ 22.02(b)(2) (elevating family-violence offense to third-degree felony if "defendant has been previously convicted of" family violence), 30.02(a) (setting out elements for burglary); *see also id.* § 12.42(a) (stating that third-degree-felony offense is punished as second-degree felony if defendant has previously been convicted of felony). After a trial, the jury found Dennis guilty of the lesser-included offense of assault and imposed a sentence of 6 months' confinement. *See id.* § 22.01(a)(1), (b) (providing that person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse," and that offense "is a Class A misdemeanor"). Dennis appeals the district court's judgment of conviction. We will affirm his conviction.

## BACKGROUND

During the trial, Dennis sought to admit testimony regarding prior incidents between Dulin and Dennis. In particular, Dennis sought to elicit testimony from four deputies working for the Tom Green County Sheriff's Office. When arguing that the deputies should be allowed to testify, Dennis acknowledged that the type of evidence that he was seeking through their testimonies was generally not admissible under Rule of Evidence 608(b). *See* Tex. R. Evid. 608(b) (prohibiting "[s]pecific instances of the conduct of a witness" from being used "for the purpose of attacking or supporting the witness' credibility"). However, Dennis argued that the testimony of the deputies was admissible under the Confrontation Clause as explained in the analysis in *Lopez v. State*, 18 S.W.3d 220, 223, 225 (Tex. Crim. App. 2000) (noting that "the Confrontation Clause will prevail if there is a conflict between it and the Rules of Evidence" and concluding that although it was declining "to create a per se exception to the Rule 608(b) for sexual offenses," "the Confrontation Clause occasionally may require the admissibility of evidence that the Rules of Evidence would exclude").

After the district court heard argument from both Dennis and the State, it denied Dennis's request regarding the four deputies and explained that Rule 608(b) prohibits the admission of their testimonies. Moreover, the court related that it did not believe that the testimonies should be admitted under the analysis in *Lopez*.

## DISCUSSION

In his sole issue on appeal, Dennis argues that the district court erred by not allowing him to present the testimonies from the four deputies. As discussed above, during the trial, Dennis

argued that the testimonies were admissible under the analysis in *Lopez* despite the prohibition in Rule 608(b). On appeal, however, Dennis does not urge that same argument; instead, Dennis contends that the testimonies were admissible under Rules 613(b) and 801(e)(1)(A). *See* Tex. R. Evid. 613(b) (allowing witness's testimony to be impeached by proof "showing bias or interest on the part of such witness"), 801(e)(1)(A) (explaining that prior inconsistent statements are not hearsay if they "were given under oath subject to the penalty of perjury"); *see also Billodeau v. State*, 277 S.W.3d 34, 40 (Tex. Crim. App. 2009) (stating that Rule 613(b) is exception to general prohibition against admission of specific instances of bad conduct). When seeking to admit the deputies' testimonies during trial, Dennis never mentioned Rule 613(b) or Rule 801(e)(1)(A).

To preserve an issue for appellate review, the record must show that "the complaint was made to the trial court" and that the trial court made a ruling or refused to make a ruling. *See* Tex. R. App. P. 33.1. Dennis's appellate issue does not comport with the arguments that he made during the trial regarding the deputies' testimonies, and Dennis essentially concedes that in his brief. *See Perry v. State*, 367 S.W.3d 690, 694 (Tex. App.—Texarkana 2012, no pet.) (explaining that issue was not preserved for appellate review when "complaint made on appeal does not comport with the complaint made at trial"). Specifically, when describing the exchange in the district court concerning the deputies, Dennis states that "the parties and the Court focused on Rule 608(b) of the Texas Rules of Evidence" and "the ruling in *Lopez v. State*."

For these reasons, we believe that Dennis failed to preserve for appellate review his complaints regarding Rules 613(b) and 801(e)(1)(A). Accordingly, we overrule his sole issue on appeal.

3

## CONCLUSION

Having overruled Dennis's sole issue on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   July 1, 2014

Do Not Publish

4