

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00239-CR

ASENCIO PEREZ, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR10203

----------

## MEMORANDUM OPINION[1]

----------

Appellant Asencio Perez Jr. appeals from his thirty-year sentence imposed after his deferred adjudication community supervision was revoked and he was adjudicated guilty of burglary of a habitation with intent to commit another felony. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

Appellant was indicted on June 14, 2006, for the offense of burglary of a habitation with intent to commit aggravated assault, a first degree felony.  *See* Tex. Penal Code Ann. § 30.02(d) (West 2011).  Appellant pleaded guilty on January 29, 2007, and was placed on deferred adjudication community supervision for ten years.  The trial court also entered an affirmative finding that a deadly weapon was used or exhibited during the commission of the offense.

On November 7, 2007, the State filed a motion to adjudicate guilt based on Appellant's alleged cocaine use in violation of the terms of his community supervision.  Appellant pleaded true, and the court modified those terms by extending his supervision by one year, ordering him to serve 120 days in jail, and requiring that he complete a SAFP relapse program.

On March 3, 2014, the State filed a motion to adjudicate guilt based on Appellant's alleged methamphetamine use, failure to submit a urine sample, and failure to attend NA meetings and provide appropriate documentation.  Appellant pleaded "not true" to using methamphetamine but "true" to the failure to submit a urine sample and to properly attend and document NA attendance.

At the conclusion of the bench trial, the trial court found true all of the State's allegations in the motion to adjudicate.  The trial court adjudicated Appellant guilty of the offense of burglary of a habitation with intent to commit aggravated robbery and revoked his community supervision.  The trial court

2

assessed Appellant's punishment at thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant then appealed.

## Discussion

Appellant brings two points on appeal.

### 1. Disproportionate sentence

In his first point, Appellant claims that the punishment assessed was grossly disproportionate to the offense committed.  In resolving an Eighth Amendment disproportionality complaint, we first compare the gravity of the offense to the severity of the sentence.  *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir.); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd) (applying the *McGruder* proportionality analysis).  We evaluate the original offense, not community supervision violations, in making this comparison. *Hulsey v. State*, No. 02-12-00205-CR, 2013 WL 627019, at *2 (Tex. App.—Fort Worth Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication); *Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.); *see Moore*, 54 S.W.3d at 542 ("[T]he court initially made a threshold comparison of the gravity of *the offense* against the severity of the sentence.") (emphasis added) (citing *McGruder*, 954 F.2d at 316).

Assuming without deciding that Appellant has preserved his point,[2] we note that Appellant's sentence falls within the statutory range for his offense of

---

[2]At the sentencing hearing, the trial court orally announced its assessment of thirty years' confinement and asked, "Do you have anything to say to this

3

burglary of a habitation with intent to commit aggravated assault. *See* Tex. Penal Code Ann. § 12.32(a) (West 2011) (setting range of punishment for a first degree felony as imprisonment "for life or for any term not more than 99 years or less than 5 years"). The trial court's discretion to impose any punishment within the prescribed range is essentially "unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Punishment imposed within the statutory range is generally not subject to challenge for excessiveness. *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment."). Although we acknowledge the evidence that Appellant had made many improvements in his life during the past few years of his community supervision, we cannot say that his punishment was grossly disproportionate to the crime so as to violate the Eighth Amendment of the United States Constitution. *See* U.S. Const. amend. VIII; *Solem v. Helm*, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006 (1983); *McGruder*, 954 F.2d at 315–17; *Moore*, 54 S.W.3d at 542. We overrule Appellant's first point.

---

Court as to why that sentence should not now be formally pronounced?" Appellant answered, "Yes, sir. 30 years? I didn't even fail a UA, sir. I didn't do—I didn't commit another crime. I didn't do any of that. That was me back then. I'm a completely different person." Appellant filed a motion for new trial, but did not argue disproportionality.

## 2. Violation of community supervision conditions

In his second point, Appellant argues that the evidence was insufficient to support the trial court's finding that he violated the conditions of his community supervision. Appellant pleaded true to two of the three alleged violations. Those pleas of true, standing alone, are sufficient to support revocation. *See Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.). And although Appellant argues they are minor violations, a trial court may revoke community supervision for a violation of any condition, including any single "technical" condition. *See Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.). We therefore overrule Appellant's second point.

## Conclusion

Having overruled Appellant's two points, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 25, 2015