

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00294-CR
### NO. 02-14-00295-CR

MOHAMED IBRAHIM DAUD                                            APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NOS. 1326729D, 1332770D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Mohamed Ibrahim Daud appeals his two convictions for robbery.[2] We affirm.

----

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 29.02(a) (West 2011).

In separate cases, appellant was indicted for committing robberies in May and June 2013. In both cases, after waiving constitutional and statutory rights and judicially confessing, appellant pled guilty, and the trial court deferred adjudication of his guilt while placing him on community supervision for ten years.

Less than a year later, in both cases, the State filed a petition for the court to adjudicate appellant's guilt. The State alleged that appellant had violated conditions of his community supervision by, in part, using controlled substances. At the hearing on the State's petition, appellant pled true to using controlled substances and to violating his community supervision conditions in other ways.[3] The trial court received evidence that substantiated the allegations in the State's petition, and appellant again conceded while testifying that he had violated the terms of his community supervision.

At the end of the presentation of evidence on the allegations in the State's petition, the trial court found that several of them were true. The court adjudicated appellant's guilt; heard testimony from him, his sister, his mother, and his uncle concerning his punishment; and sentenced him to five years' confinement in each case with the sentences running concurrently. Appellant brought these appeals.

---

[3]"A plea of true, standing alone, is sufficient to support revocation." *Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.) (citing *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979)).

Appellant's appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief and motion, counsel avers that he has diligently reviewed the record and that appellant's appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Appellant had an opportunity to file a pro se response to his counsel's brief but did not. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Roots v. State*, 419 S.W.3d 719, 723 (Tex. App.—Fort Worth 2013, pet. ref'd). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988); *Roots*, 419 S.W.3d at 723. We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we

3

grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 2, 2015