

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00106-CR

---

EDDIE MARIE HEARD, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 24F0993-202

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Eddie Marie Heard appeals the trial court's order revoking her community supervision and sentencing her to twenty-four months in a state jail facility. Heard argues that the trial court abused its discretion because she did not willfully fail to report due to having COVID-19 and pneumonia. Failure to report was one of several allegations in the State's motion to revoke. Because Heard pled true to all of the allegations in the State's motion to revoke, we affirm the trial court's judgment.

On October 16, 2024, the trial court placed Heard on community supervision after she pled guilty to the state-jail felony offense of possession of a controlled substance, less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). The clerk's record contains an affidavit and status report filed on January 23, 2025, by the Bowie County Community Supervision Office (BCSO) recounting unsuccessful efforts to contact Heard in November and December 2024. On January 29, 2025, the State moved to revoke Heard's community supervision, alleging that she violated several conditions of supervision, including: (1) failure to report to her supervision officer for the months of November and December 2024, (2) failure to perform required community service hours, and (3) failure to pay assessed fines and court costs. On February 25, 2025, counsel for Heard appeared and filed a request for disclosure.

At the revocation hearing, Heard pled true to all of the State's allegations. During the punishment phase, Heard testified that she had COVID-19 and pneumonia in November. She testified that she called her supervision officer and reported that she was feeling ill. Heard testified that the COVID-19 and pneumonia diagnoses were made by a doctor. She testified that

2

her supervision officer told her to call and report when she got better or when the doctor released her. Heard testified that her doctor released her on December 19. She said she called her supervision officer after she left the doctor's office and never received a return phone call. Heard testified that she also called her supervision officer each day between December 19 and 22 but did not receive a return call. Heard testified that she never submitted any paperwork from a doctor substantiating her illness. Heard testified that her cousin, with whom she was living, never told her anything about any efforts by BCSO to contact Heard. The trial court found that the failure to report allegation was true, revoked Heard's community supervision, and sentenced her to twenty-four months in a state jail facility.

On appeal, Heard argues that the trial court abused its discretion by revoking her supervision. Specifically, Heard contends that the trial court abused its discretion by not crediting her proffered excuse(s) for failing to report. We disagree.

"In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of h[er] community supervision." *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (quoting *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)). "Although a much lower standard than 'beyond a reasonable doubt,' the preponderance of the evidence standard is a much higher standard than the search-and-seizure

3

standards of 'probable cause' and 'reasonable suspicion.'" *Id.* (quoting *York v. State*, 342 S.W.3d 528, 543 n.86 (Tex. Crim. App. 2011)). "For issues governed by the less rigorous burden of proof of 'preponderance of the evidence,' the appellate standard of review for legal sufficiency is also less rigorous." *Id.* "For probation-revocation cases, we have described the appellate standard of review as whether the trial court abused its discretion." *Id.* Further, "we have explained that the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.*

"Appellant's plea of true, standing alone is sufficient to support the revocation of probation." *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *see Perry v. State*, 367 S.W.3d 690, 693 (Tex. App.—Texarkana 2012, no pet.).

Because Heard pled true to the allegation that she failed to report, the State's burden of proof was satisfied. Therefore, the trial court did not abuse its discretion in revoking Heard's community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("[P]roof of a single violation will support revocation.").

We overrule Heard's sole issue.


Jeff Rambin
Justice

Date Submitted:    February 19, 2026
Date Decided:      March 12, 2026

Do Not Publish